IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEDLINE INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  08 CV 4469 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| RF SURGICAL SYSTEMS, INC. | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## ANSWER OF DEFENDANT RF SURGICAL SYSTEMS, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant RF Surgical Systems, Inc. (hereinafter "RF Surgical"), without waiving any defenses, responds to the complaint as follows:

1.  Upon information and belief, RF Surgical admits that Plaintiff Medline Industries, Inc. (hereinafter "Medline") is a corporation incorporated under the laws of the state of Illinois with its principal place of business in Illinois.  RF Surgical also admits that Medline manufacturers and distributes health care supplies.

2.  RF Surgical admits that it is incorporated under the laws of the state of Washington, and that its principal place of business is in Bellevue, Washington.

3.  RF Surgical admits that Medline and RF Surgical were parties to a sales agreement dated September 27, 2005, which was amended on February 7, 2006 ("Sales Agreement"). RF Surgical denies that the Sales Agreement concerns the sale to, and distribution by, Medline of RF Surgical's wand detectors and monitors that are used in the detection of

surgical products that are left in the body of surgical patients.  RF Surgical denies the reference that Wand Technology Products are the wand detectors and monitors. The Wand Technology Products are wand detectors, monitors, and RF Surgical's custom manufactured, patented and FDA approved 145 kHz hybrid bio-compatible RF tag ("RF Surgical Wand Technology"). The technology is as specifically recognized in paragraph number "1. *Exclusivity*" of the Exclusive Sales Agreement: "Wand Technology (wands and tags/chips)."

4. RF Surgical denies each allegation in paragraph 4 of Medline's First Amended Complaint, except to state that the Sales Agreement speaks for itself.

5. RF Surgical denies each allegation in paragraph 5 of Medline's First Amended Complaint, except to state that the Sales Agreement speaks for itself.

6. RF Surgical admits that Medline committed to purchase a minimum volume of $5,000,000 of RF Surgical Wand Technology from RF Surgical.  RF Surgical otherwise denies each allegation in paragraph 6 of Medline's First Amended Complaint.

7. RF Surgical admits that the Sales Agreement defined Medline's territory as "the United States and Canada," and that Puerto Rico is outside this territory.  RF Surgical otherwise denies each other allegation in paragraph 7 of Medline's First Amended Complaint.

8. RF Surgical denies each allegation in paragraph 8 of Medline's First Amended Complaint.

9. RF Surgical denies each allegation in paragraph 9 of Medline's First Amended Complaint.

10. RF Surgical admits that it notified Medline of its election to change Medline's status from exclusive distributor to non-exclusive distributor based upon Medline's failure to

meet the first year minimum purchase requirement outlined in the Sales Agreement. RF Surgical otherwise denies each allegation in paragraph 10 of Medline's First Amended Complaint.

11. RF Surgical denies each allegation in paragraph 11 of Medline's First Amended Complaint.

12. RF Surgical admits that Medline representatives informed RF Surgical's representatives that it would only disclose information related to the overseas manufacturer subject to a confidentiality agreement. RF Surgical otherwise denies each allegation in paragraph 12 of Medline's First Amended Complaint.

13. RF Surgical admits that it signed a document bearing the title "Vendor Confidentiality Acknowledgment" and that the document speaks for itself. RF Surgical otherwise denies each allegation in paragraph 13 of Medline's First Amended Complaint.

14. RF Surgical admits that on approximately February 7, 2006, Medline and RF Surgical signed a document bearing the title "Vendor Confidentiality Acknowledgment" and that the document speaks for itself. RF Surgical otherwise denies each allegation in paragraph 14 of Medline's First Amended Complaint.

15. RF Surgical admits that on July 22, 2008, Kevin Cosens sent an e-mail to Medline regarding RF Surgical Wand Technology and that the document speaks for itself. RF Surgical otherwise denies each and every allegation in paragraph 15 of Medline's First Amended Complaint.

16. RF Surgical denies each allegation in paragraph 16 of Medline's First Amended Complaint.

## Count I – Breach of Contract

1. RF Surgical restates, realleges, and incorporates by reference its responses to paragraphs 1 through 16 of Medline's First Amended Complaint as if set forth fully herein.

2. RF Surgical denies each allegation in paragraph 2 of Count 1 of Medline's First Amended Complaint.

3. RF Surgical denies each allegation in paragraph 3 of Count I of Medline's First Amended Complaint.

4. RF Surgical denies each allegation in paragraph 4 of Count I of Medline's First Amended Complaint.

5. RF Surgical denies each allegation in paragraph 5 of Count I of Medline's First Amended Complaint.

WHEREFORE, Defendant RF Surgical Systems, Inc. respectfully requests that this Court dismiss Count I of Medline's First Amended Complaint with prejudice and with all costs herein to be assessed to Medline, and for such other and further relief as this Court deems just.

## Count II – Declaratory Judgments (Exclusivity)

1. RF Surgical restates, realleges, and incorporates by reference its responses to paragraphs 1 through 16, and paragraphs 1 through 5 of Count I of Medline's First Amended Complaint as if set forth fully herein.

2. RF Surgical denies each allegation in paragraph 2 of Count II of Medline's First Amended Complaint.

3. RF Surgical denies each allegation in paragraph 3 of Count II of Medline's First Amended Complaint.

WHEREFORE, Defendant RF Surgical Systems, Inc respectfully requests that this Court dismiss Count II of Medline's First Amended Complaint with prejudice and deny Medline's request for declaratory judgment and order pursuant to such judgment, with all costs herein to be assessed to Medline.

### Count III – Declaratory Judgment (Vendor Confidentiality Agreement)

1. RF Surgical restates, realleges, and incorporates by reference its responses to paragraphs 1 through 16, paragraphs 1 through 5 of Count I, and paragraphs 1 through 3 of Count II of Medline's First Amended Complaint as if set forth fully herein.

2. RF Surgical denies each allegation in paragraph 2 of Count III of Medline's First Amended Complaint.

3. RF Surgical denies each allegation in paragraph 3 of Count III of Medline's First Amended Complaint.

WHEREFORE, Defendant RF Surgical Systems, Inc respectfully requests that this Court dismiss Count III of Medline's First Amended Complaint with prejudice and deny Medline's request for declaratory judgment and order pursuant to such judgment, with all costs herein to be assessed to Medline.

### AFFIRMATIVE DEFENSES

Defendant RF Surgical Systems, Inc., states as follows:

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

Medline's First Amended Complaint fails to state a claim upon which relief may be granted because it fails to state that RF Surgical has breached any contractual duties under the Sales Agreement.

## SECOND AFFIRMATIVE DEFENSE

### RF Surgical Met Its Obligations

Each and every allegation in Medline's First Amended Complaint is barred because RF Surgical met all of its obligations under the sales and confidentiality agreements between the parties.

## THIRD AFFIRMATIVE DEFENSE

### Plaintiff Lacks Standing As An Exclusive Distributor

Medline is not an exclusive distributor of RF Surgical Wand Technology as defined in paragraph number "1. Exclusivity" of the Sales Agreement "Wand Technology (wands and tags/chips" because RF Surgical never waived Medline's minimum purchase requirements under the Sales Agreement, in the manner described in the Sales Agreement or otherwise, and Medline failed to meet these requirements.  Therefore, each allegation in Medline's First Amended Complaint is barred because Medline lacks standing to assert such claims.

## FOURTH DEFENSE

### No Damages

Each and every allegation in Medline's First Amended Complaint is barred because Medline has not suffered any damages as the result of any alleged conduct by RF Surgical.

## FIFTH DEFENSE

### Unclean Hands

Medline has not met its contractual obligations under the Sales Agreement, and RF Surgical has not waived such obligations.  RF Surgical has not threatened a breach, or actually breached its obligations under the Sales Agreement or its purported obligation under the Vendor Confidentiality Acknowledgment.  Therefore, Medline has not met the requirements to be an

6

exclusive distributor of RF Surgical Wand Technology, nor has it suffered any injury. Thus, it is inequitable for Medline to request declaratory relief under the sales and confidentiality agreements.

WHEREFORE, Defendant RF Surgical Systems, Inc. respectfully requests that this Court dismiss all of Plaintiff's claims with prejudice and with all costs herein to be assessed to Plaintiff, and for such other and further relief as this Court deems just.

### JURY TRIAL DEMAND

Defendant RF Surgical Systems, Inc. requests a trial by jury on any and all of Plaintiff's claims that are so triable.

Dated: August 14, 2008                              Respectfully submitted,

/s/ Patrick J. Lamb
Patrick J. Lamb (ARDC # 6182882)
VALOREM LAW GROUP, LLC
35 E. Wacker Drive, Ste. 2900
Chicago, IL 60601
patrick.lamb@valoremlaw.com
312-676-5462 (phone)
312-676-5499 (facsimile)


Of Counsel

Ralph H. Palumbo
Denise L. Ashbaugh
SUMMIT LAW GROUP
315 Fifth Avenue South, Ste. 1000
Seattle, WA 98104
ralphp@summitlaw.com
denisea@summitlaw.com
206-676-7000 (phone)
206-676-7001 (facsimile)

Counsel for RF Surgical Systems, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of this answer was filed electronically on August 14, 2008. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also certify that a copy of this answer has been served on the opposing counsel listed below by depositing a copy of it in the United States mail, first class postage prepaid, on August 14, 2008.

>Jodi Rosen Wine
>Edward F. McCormack
>Nixon Peabody LLP
>161 N. Clark St., 48th Floor
>Chicago, IL 60601
>*Attorneys for Plaintiff*

>Respectfully submitted,
>
>/s/ Patrick J. Lamb
>Patrick J. Lamb
>VALOREM LAW GROUP, LLC
>35 E. Wacker Drive, Ste. 2900
>Chicago, IL 60601